HOWARD, Appellant,

v.

COVENANT APOSTOLIC CHURCH, INC. et al., Appellees.

[Cite as *Howard v. Covenant Apostolic Church, Inc.* (1997), 124 Ohio App.3d 24.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960844.

Decided Sept. 19, 1997.

*Gregory R. Wilson Co., L.P.A.*, and *Gregory R. Wilson*, for appellant.

*Schwartz, Manes & Ruby* and *Stephen Yeager*, for appellees.

HILDEBRANDT, Presiding Judge.

Plaintiff-appellant, Gregory Howard, appeals the trial court's dismissal of his complaint against the defendants-appellees for lack of subject-matter jurisdiction. Appellant's complaint alleged several different causes of action against appellee Covenant Apostolic Church ("Church") and against the individual appellees, both in their official capacities as officers of the Church and in their individual capacities, for injuries he claimed he sustained when he was dismissed, or "disfellowed," from the Church. The individual appellees are Joe Sizemore, pastor of the Church; and Al Anderson, Elmer Cagle, and Walter Philpot, Church trustees.

Upon appellees' motion, the trial court found that the disputes between the parties were ecclesiastical in nature and, therefore, beyond the jurisdiction of any state court. The court held that pursuant to Civ.R. 12(B)(1), the court lacked subject-matter jurisdiction over the claims, and, in the alternative, that pursuant to Civ.R. 12(B)(6), appellant had failed to state a claim upon which relief could be granted. Under either standard, the court found that appellant had failed to show entitlement to relief.

Appellant asserts, essentially, the following assignments of error: the trial court erroneously applied the Civ.R. 12(B)(6) standard in dismissing the complaint for lack of subject-matter jurisdiction, and the court erred in determining that it lacked subject-matter jurisdiction over the claims in the complaint. We hold that the trial court did not have jurisdiction over any of the claims in the complaint, and we affirm the judgment of the trial court.

*Factual Background*

Appellant was a member of the Church when, in 1991, he and other members of the congregation sought access to the Church's financial records. The dispute that arose between the Church officials and the members of the congregation was the subject of a lawsuit, the outcome of which is not dispositive of the issues in this case. Although Church officials at that time claimed to have terminated

appellant's membership in the Church, it was determined by the court in the prior action that he remained a member.

Subsequent to the lawsuit, appellant claims that appellees attempted to disfellow him (dismiss him) from church membership, that they subjected him to conduct that caused severe emotional distress, that some of the appellees defamed him, and that he felt in physical danger when he attempted to attend church services after the lawsuit had terminated. The Church held a business meeting on February 5, 1994, which appellant was not permitted to attend, and allegedly terminated his membership in the Church according to the Church's existing by-laws.

Appellant then brought suit, as stated above, alleging claims of violations of the Church's by-laws and constitution in his ouster from membership, intentional infliction of emotional distress, and defamation.

*Analysis*

█ In his first assignment of error, appellant contends that the trial court employed the incorrect standard in determining whether his complaint should be dismissed pursuant to Civ.R. 12(B). Appellees moved the trial court for dismissal for lack of subject-matter jurisdiction (Civ.R.12[B][1] ), or, in the alternative, for failure to state a claim upon which relief could be granted (Civ.R.12[B][6] ). When considering a motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1), a court is not limited to the allegations in the complaint, but may consider any pertinent matter in making its decision. See, *e.g., Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 564 N.E.2d 477. The issue for the court is whether the complaint alleges any cause of action cognizable by the forum. Civ.R. 12(B)(1); see *Avco Fin. Serv. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378.

In contrast, a motion to dismiss a complaint for failure to state a claim upon which relief can be granted requires the court to look solely at the allegations in the complaint and determine whether it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim that would entitle him to relief. Civ.R. 12(B)(6).

█ In the context of the claims raised by appellant's complaint, the inquiries are, to some extent, intertwined. The trial court was required to examine the complaint and determine whether the factual allegations set forth a cause of action cognizable in the trial court and within its jurisdiction. The court below in effect held that the facts asserted by appellant raised claims that were outside the court's jurisdiction and for which the court could provide no relief. Thus, while the trial court's decision combined to some extent the Civ.R. 12(B)(1) and Civ.R. 12(B)(6) standards, both of which were raised by appellees, we hold that

there was no error in the standard used by the court to assess appellant's claims. Appellant's first assignment of error is overruled.

■ Addressing appellant's third assignment of error next, we hold that the trial court did not err in dismissing for lack of subject-matter jurisdiction appellant's claims that he was wrongfully disfellowed from the Church. Even congregational (as opposed to hierarchical) churches are free from secular court scrutiny of their internal practices and discipline regarding the membership of the congregation. See *First Baptist Church of Glen Este v. State* (S.D.Ohio 1983), 591 F.Supp. 676; *Alexander v. Shiloh Baptist Church* (1991), 62 Ohio Misc.2d 79, 592 N.E.2d 918. Courts do, however, retain jurisdiction in cases involving congregational churches to determine whether the *proper authority* made the decision about church discipline or policy. See *Tibbs v. Kendrick* (1994), 93 Ohio App.3d 35, 637 N.E.2d 397; *First Baptist Church of Glen Este*, 591 F.Supp. at 683.

Appellant misinterprets the cases permitting judicial determination of the proper church authority to make internal disciplinary decisions when he states that secular courts have authority to determine whether a church has followed its own by-laws or constitution.[1] So long as the appropriate church authority has made the decision, the issue of whether the church followed its internal procedures is a matter of church governance and discipline into which a secular court is prohibited from inquiring. *Lewis v. Seventh Day Adventists Lake Region Conference* (C.A.6, 1992), 978 F.2d 940; *Tibbs, supra.*

The United States Supreme Court has long held:

"All who unite themselves to such a body [the general church] do so with an implied consent to [its] government, and are bound to submit to it. But it would be a vain consent and would lead to the total subversion of such religious bodies, if one aggrieved by one of their decisions could appeal to the secular courts to have them reversed." *Watson v. Jones* (1871), 80 U.S. (13 Wall.) 679, 728–729, 20 L.Ed. 666, 676, cited with approval in *Presbyterian Church v. Mary Elizabeth Blue Hull Mem. Church* (1969), 393 U.S. 440, 446, 89 S.Ct. 601, 604, 21 L.Ed.2d 658, 663–664; *Serbian E. Orthodox Diocese v. Milivojevich* (1976), 426 U.S. 696, 724–725, 96 S.Ct. 2372, 2387–2388, 49 L.Ed.2d 151, 171–172; see, also, *Tibbs, supra,* 93 Ohio App.3d at 41, 637 N.E.2d at 401.

■ Church discipline, ecclesiastical government, or "the conformity of the members of the church to the standard of morals required of them" is beyond the

---

1. This misunderstanding and our treatment of this issue render moot appellant's claim that courts have jurisdiction over congregational, but not hierarchical, churches' internal disciplinary rules.

scope of review by a secular tribunal. See *Watson, supra*. In other words, secular courts will not inquire into whether disfellowship or expulsion from church membership was in accordance with church by-laws or regulations. See *Nunn v. Black* (W.D.Va.1981), 506 F.Supp. 444, 448, affirmed without decision (C.A.4, 1981), 661 F.2d 925.

For the foregoing reasons, we reject appellant's argument that the trial court had jurisdiction to determine whether his expulsion from membership was undertaken in accordance with the Church's by-laws and procedures.

We reject, also, appellant's argument that secular courts retain jurisdiction over internal disputes between a member of the Church and the Church in circumstances where such courts would indisputably lack jurisdiction over the same disputes between a clergyman and the church. Appellant claims that the special relationship between the church and its pastor or spiritual leader militates against secular court intervention, but no such problem exists when the membership of a church brings a complaint to the courts. While we agree that matters regarding "who should preach from the pulpit" are fundamentally and unquestionably beyond the jurisdiction of secular courts, see, *e.g.*, *Niemann v. Cooley* (1994), 93 Ohio App.3d 81, 637 N.E.2d 943; *Salzgaber v. First Christian Church* (1989), 65 Ohio App.3d 368, 583 N.E.2d 1361, the cases demonstrate that *all* matters of the propriety of internal church discipline (except, in the case of a congregational church, whether the proper authority determined the discipline), whether taken against a clergyman or a church member, are *beyond* the jurisdiction of secular courts. See *Salzgaber*, 65 Ohio App.3d at 372, 583 N.E.2d at 1364, quoting *Hutchison v. Thomas* (C.A.6, 1986), 789 F.2d 392 (even though a court may inquire into purely secular matters, that doctrine " 'has never been extended to religious controversies in the areas of church government, order and discipline, nor should it be' ").

■ Appellant's second assignment of error asserts that the trial court had jurisdiction over his claims for defamation against the trustees and the church. Appellant claims that the court could determine whether certain statements made about him, particularly, that he had lied, that he was in league with Satan, that he had been overtaken by a fall, that he was a defiler of the temple and an enemy of the Church, and that he was "sleeping around," were defamatory without interpretation of religious doctrine or beliefs. All of the statements allegedly made about appellant, however, took place during the meeting that was held to determine whether he should be disfellowed from the Church, were made to or by those involved in initiating the disfellowship proceedings, and concerned issues of appellant's morality.

As stated above, internal church discipline and "the conformity of the members of the church to the standard of morals required of them" are beyond the scope

of review by a secular tribunal. See *Watson, supra*, 80 U.S. 679, 20 L.Ed. 666; *Nunn*, 506 F.Supp. at 448. In *Salzgaber, supra*, two pastors who had been discharged from employment with a church sued, alleging, among other things, that they were defamed by members of the church committee that terminated their contracts. The court rejected their defamation claims, saying that determining the truth or falsity of the statements made about them regarding the discharge of their duties would necessarily involve ecclesiastical matters.

In this case, all of the statements alleged by appellant to be defamatory arose out of the underlying dispute between him and the Church regarding the propriety of his conduct in suing the Church to obtain its records and the Church's subsequent decision to remove appellant from Church membership. Appellant's complaint and deposition make clear that the dispute between the parties regarding appellant's lawsuit against the Church was based on biblical interpretation. The move to disfellow appellant therefore arose from a dispute regarding his "conformity * * * to the standard of morals required of" him by his church. The allegedly defamatory statements made by Church members, trustees, or agents in terminating appellant's membership in the Church are therefore inextricably intertwined with ecclesiastical or religious issues over which secular courts have no jurisdiction. Appellant's second assignment of error is overruled.

█ Finally, appellant argues also that the Church is a nonprofit corporation organized under Ohio law, and is therefore governed by the rules and regulations of the statute requiring the corporation's adherence to its constitution and by-laws. Appellant reasons that, as a member of the Church, he has a right to sue to require the corporation to follow its by-laws. However, membership in the Church is not the same as membership or trusteeship in the corporation, and appellant's rights in the corporation are no greater than the corporation's by-laws provide. Here, the regulations do not give appellant standing to bring his causes of action against the corporation. See, *e.g., Crissman v. Bd. of Trustees of Cathedral of Tomorrow of Akron, Inc.* (Mar. 21, 1990), Summit App. No. 14354, unreported, 1990 WL 31796.

Moreover, R.C. 1702.12(I)(1)(c) provides a shareholder (or member) of a corporation with the right to bring an action on behalf of the corporation, in other words, a derivative claim. See *Russell v. United Missionary Baptist Church* (1994), 92 Ohio App.3d 736, 738–739, 637 N.E.2d 82, 84. Appellant's complaint does not meet any of the requirements for a derivative cause of action, and it would therefore be subject to dismissal even if the statute otherwise could be said to apply to his claims against the Church.

Accordingly, for the foregoing reasons, appellant's third and fourth assignments of error are not well taken, and we overrule them.

*Conclusion*

For the foregoing reasons, we overrule all of appellant's assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

GORMAN and MARIANNA BROWN BETTMAN, JJ., concur.