DECISION.
{¶ 1} Plaintiffs-appellants, Michael McDaniel, Shirley McDaniel, Joyce Hawkins, Renee Reeves, and Linda Taylor, appeal the judgment of the Hamilton County Court of Common Pleas dismissing their claims against defendants- appellees, Annette Phelps, Darrin Phelps, and the Second Born Early Apostle Church of God, d.b.a. St. James Church of the Triumph, for lack of subject-matter jurisdiction. For the following reasons, we affirm the trial court's judgment.
{¶ 2} In August 2001, the appellants filed suit against the appellees,[1] alleging that Annette Phelps and Darrin Phelps had wrongfully assumed the positions of co-pastors of the church, of which the appellants averred that they were members. The complaint included causes of action for misrepresentation, embezzlement, defamation, and interference with religious practices. The appellants also purported to demand, on behalf of the church, an accounting of all funds and property of the church, as well as reimbursement for allegedly converted funds.
{¶ 3} The gravamen of the complaint was that the Phelpses had appointed themselves co-pastors of the church in violation of the church's articles of incorporation and the "Guide to Govern St. James Second Born Early Apostle Church." The appellants contended that the Phelpses had then used their positions to wrongfully convert funds and to attempt to wrongfully dismiss the appellants from church membership, all in violation of the articles of incorporation and the guide to church government. Although the appellants recited that the articles of incorporation and the guide were attached to the complaint, they were not appended to the pleading and were not made a part of the record that has been transmitted to this court for review.
{¶ 4} The appellees filed a motion to dismiss under Civ.R. 12(B)(6) and 12(B)(1). Following a hearing, the trial court granted the motion to dismiss pursuant to Civ.R. 12(B)(1). The instant appeal followed.
{¶ 5} In their first assignment of error, the appellants argue that the trial court erred in holding that it lacked subject-matter jurisdiction to review the procedure used to name the pastors of the church. We are not persuaded.
{¶ 6} Once the existence of subject-matter jurisdiction has been challenged, the burden of establishing jurisdiction rests on the party asserting it.[2] In general, ecclesiastical matters, including the decision as to who should "preach from the pulpit" are outside of the state courts' jurisdiction.[3] Nonetheless, courts are permitted to hear controversies that are purely secular and require no inquiry into ecclesiastical matters, and, in the case of a congregational (as opposed to a hierarchical) church, to hear and determine whether the decision made as to who should "preach from the pulpit" was made by the proper church authority.[4]
{¶ 7} The appellants argue that, because the church in the instant case was a congregational church, the trial court had jurisdiction to determine whether the proper church authority had made the decision to appoint the pastors. We disagree. In the absence of the church's governing documents, we cannot say that the trial court erred in holding that the appellants had failed to establish subject-matter jurisdiction. The record simply does not reflect that there were neutral, secular principles of law upon which the trial court could have relied in adjudicating the dispute.[5] Moreover, without the governing documents, we cannot even determine that the appellants, as "members," or wrongfully terminated members, of the church, had met the threshold requirement of demonstrating that they possessed standing to bring the claims.[6]
Under these circumstances, we find no error in the trial court's entry of dismissal, and the first assignment of error is overruled.
{¶ 8} In the second assignment of error, the appellants argue that the trial court erred in holding that it did not have subject-matter jurisdiction to order an accounting. We find no error. As we noted inMeagher, "such an inquiry [into church finances] goes to the question of whether the pastor engaged in wrongdoing, rendering him unqualified as a pastor, and whether he should be removed for misconduct."[7] Because that inquiry would necessarily entail an inquiry into ecclesiastical matters, we held that an order for an accounting was beyond the subject-matter jurisdiction of the court.[8] We find the holding inMeagher to be controlling in the case at bar.
{¶ 9} Moreover, even were an order for an accounting within the purview of the trial court, the appellants in the case at bar failed to follow the proper procedure for demanding that relief. Although the appellants characterize their demand for an accounting as a derivative action on behalf of the church and the corporation, they failed to file a certification, required under Civ.R.23.1, concerning "the efforts, if any, made by the plaintiff to obtain the action he desires from directors and, if necessary, from the shareholders and the reasons for his failure to obtain the action or for not making the effort."
{¶ 10} Finally, because the church's governing documents are not in the record, we cannot determine that the appellants even had standing, as members of the church, to demand an accounting of the church leadership.[9] Accordingly, the second assignment of error is overruled.
{¶ 11} In the third assignment of error, the appellants contend that the trial court erred in holding that it lacked subject-matter jurisdiction to hear the claims of interference with religious practices. We find no error. In essence, the appellants' claim for interference with religious practices was that the appellees had wrongfully attempted to expel them from church membership and had otherwise prevented them from worshipping at the church. As this court has previously held,[10] "secular courts will not inquire into whether disfellowship or expulsion from church membership was in accordance with church by-laws or regulations." Because the appellants' claims for interference with religious practices would necessitate such an inquiry, the trial court lacked jurisdiction. The third assignment of error is overruled.
{¶ 12} In their fourth and final assignment of error, the appellants argue that the trial court erred in failing to convert the motion to dismiss into a motion for summary judgment under Civ.R. 56. They argue that, because the appellees had filed an affidavit in support of their motion, the trial court considered matters outside the pleadings and was required to treat the motion as one for summary judgment. This argument is without merit. In deciding a motion to dismiss for lack of subject-matter jurisdiction under Civ.R. 12(B)(1), the trial court is not limited to the allegations in the complaint and may consider any relevant matter in making its decision.[11] Therefore, the trial court was not required to convert the motion to dismiss into a motion for summary judgment, and the fourth assignment of error is overruled.
{¶ 13} For these reasons, we hold that the trial court properly dismissed the claims for lack of subject- matter jurisdiction, and we affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., and Winkler, J., concur.
[1] The suit also named approximately thirty other members of the church.
[2] Collins v. Hamilton Cty. Dept. of Human Services, 10th Dist. No. 01AP-1194, 2002-Ohio-1325, jurisdictional motion overruled,96 Ohio St.3d 1440, 2002-Ohio-3344, 770 N.E.2d 1049.
[3] Tibbs v. Kendrick (1994), 93 Ohio App.3d 35, 41-42, 637 N.E.2d 397;State ex rel. First New Shiloh Baptist Church v. Meagher (Apr. 16, 1997), 1st Dist. No. C-960371.
[4] Id.
[5] We also note that if the governing documents had provided for internal church procedures to resolve the dispute, those procedures would have been fatal to the jurisdiction of the trial court. See Russell v.United Missionary Baptist Church (1994), 92 Ohio App.3d 736, 739,637 N.E.2d 82.
[6] See Howard v. Covenant Apostolic Church, Inc. (1997),124 Ohio App.3d 24, 30, 705 N.E.2d 385 ("[m]embership in the Church is not the same as membership or trusteeship in the corporation, and appellant's rights in the corporation are no greater than the corporation's by-laws provide").
[7] Meagher, supra.
[8] Id.
[9] See Howard, supra, at 30, 705 N.E.2d 385.
[10] Id. at 29, 705 N.E.2d 385.
[11] Id. at 27, 705 N.E.2d 385.