OPINION
{¶ 1} Defendant-appellant Joretta B. Stair appeals the October 5, 2005 Judgment Entry after Trial to the Court entered by the Richland County Court of Common Pleas, which enjoined her from entering upon or interfering in any way with the property of plaintiff-appellee Apostolic Full Gospel Church of Mansfield, Inc. ("the Church").
 STATEMENT OF THE FACTS AND CASE[1] {¶ 2} In the mid-1950's, a group of congregants of the Church built the subject worship center on land located at 704 Belmont Avenue in Mansfield, Ohio. The land was owned by James Stair, appellant's husband. Appellant and Mr. Stair resided next door at 649 Belmont Ave. During the construction of the building and until 1962, Flossie Jane Lane, James Stair's mother, was the pastor. James Stair became pastor in 1962, after Lane died.
 {¶ 3} In 1972, James Stair hired attorney Ray Dillon to prepare Articles of Incorporation for the Church. The Articles of Incorporation were filed with the Ohio Secretary of State on September 11, 1972. The articles named the corporate trustees as James R. Stair, Dean Zellner and Jerry Zellner. James Stair was appointed statutory agent. James Stair and appellant transferred ownership of the land upon which the church building is located to the Church by warranty deed dated November 29, 1972. The deed was recorded on December 1, 1972.
 {¶ 4} After the filing of the articles of incorporation, neither James Stair nor the other trustees attempted to comply with the requirements of the Ohio Statutory Law for Corporate Governance. James Stair did, however, keep a notebook in which he made notes about annual meetings which he conducted on his own. During this time, James Stair informed Jerry Zellner he disapproved of Zellner's gospel music group. As a result, Jerry Zellner began attending a different church. Jerry Zellner became a licensed Christian minister sometime between his departure and 1989. The Ohio Secretary of State cancelled the Church's corporate registration in 1978, due to inactivity.
 {¶ 5} After James Stair died on October 14, 1997, appellant made an unsuccessful attempt to have herself appointed as statutory corporate agent. Milo Johnston succeeded James Stair as pastor of the Church. After Johnston resigned in 2001, appellant asked Jerry Zellner to become the Church's pastor. Sometime in 2002, after becoming the pastor, Jerry Zellner learned he had been listed as one of the corporate trustees. On September 25, 2002, Jerry Zellner filed documents with the Ohio Secretary of State to reinstate the corporation's charter.
 {¶ 6} On September 7, 2004, local police notified Reverend Jerry Zellner various automobiles parked on the property needed to be removed. As the cars were owned by appellant and her son, Reverend Zellner requested they remove the cars. Appellant became angry and changed the locks on the church, which prevented Reverend Zellner's access thereto. Reverend Zellner had the locks re-changed and appellant changed them a second time. As a result, the original Church congregation split into two factions, consisting of approximately ten to fifteen members each.
 {¶ 7} On October 15, 2004, the Church filed a Motion for Preliminary Injunction and Complaint for Injunctive Relief. Appellant filed a motion to dismiss the request for preliminary injunction. The magistrate conducted a preliminary injunction hearing on November 29, 2004. The magistrate filed his decision on March 18, 2005. The magistrate recommended the Church's motion for preliminary injunction as well as appellant's motion to dismiss be overruled. The magistrate further recommended the current trustees, to wit: Dean Zellner and Jerry Zellner, call and preside over a meeting for the purpose of electing a third corporate trustee. Appellant and all members of her congregation and members of Reverend Zellner's congregation were to be allowed to participate in the election. The parties as well as the Ohio Attorney General filed objections to the magistrate's decision.
 {¶ 8} The trial court reviewed the objections and found the magistrate incorrectly concluded the attendees of the two congregations could participate in the election of the third trustee. The trial court ordered appellant to immediately turn over all keys and all property belonging to the Church to its two trustees, and not interfere in the possession of the real or personal property by the trustees. The trial court further ordered the two trustees meet to elect a third trustee and conduct the annual meeting required by the Articles of Incorporation. The trial court instructed the parties to advise the court of any remaining issues to be resolved within thirty days of the filing of the entry. The trial court filed its Order on April 27, 2005. Via Judgment Entry filed May 10, 2005, the trial court granted appellant additional time to obtain a transcript of the magistrate's November 29, 2004 hearing in order to amend her objections. The trial court granted appellant and her congregation the time between 9:00am and 10:30am on Sundays to use the church building for worship services, pending appellant's obtaining the hearing transcript and amending her objections. The trial court further reiterated its instruction the parties had thirty days from the date of the April 27, 2005 Order to advise it of any remaining issues to be determined. Following a plethora of motions for contempt filed by both parties, the trial court scheduled a final hearing for September 21, 2005.
 {¶ 9} Via Judgment Entry after Trial to the Court filed October 5, 2005, the trial court concluded the Church was entitled to injunctive relief. The trial court determined, pursuant to R.C. 1702.14, the trustees were the members of the corporation for statutory purposes because the corporation had not established a class of members other than the trustees. As the Articles of Incorporation named James Stair, Dean Zellner, and Jerry Zellner as the only trustees, and no successor trustees were ever elected, nor another class of members created, the Zellners continued to be the governing trustees. The trial court found Jerry Zellner, as a trustee, properly reinstated the corporation's registration with the Ohio Secretary of State in 2002. The trial court ordered the Zellners, as the current trustees entitled to govern the corporation and its property, to elect a third trustee and to adopt a set of bylaws or codes of regulation which provide for membership meetings and other corporate governance. The trial court instructed appellant and all other persons acting in concert with her be enjoined from entering upon or interfering in any way with the property of the Church except with permission of the governing trustees.
 {¶ 10} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING INJUNCTION RELIEF.
 {¶ 12} "II. THE TRIAL COURT COMMITTED AN ERROR OF LAW IN DETERMINING THE STATUS OF THE NONPROFIT CORPORATION, ITS TRUSTEES AND MEMBERS."
 I {¶ 13} In her first assignment of error, appellant maintains the trial court abused its discretion in granting injunctive relief to the Church.
 {¶ 14} A trial court has broad discretion to grant injunctive relief, and it follows that such a judgment may not be reversed absent an abuse of that discretion. "The authorities are agreed that injunction is an extraordinary remedy equitable in nature, and that its issuance may not be demanded as a matter of strict right. An application for an injunction is addressed to the sound discretion of the trial court, * * * and its allowance is a matter of grace. Whether it will be granted depends largely on the character of the case, the particular facts involved and other pertinent factors, among which are those relating to public policy and convenience. If its allowance would be inequitable or unjust, it may be refused. And unless there is a plain abuse ofdiscretion on the part of the trial courts, in granting or refusing injunctions, reviewing courts will not disturb such judgments."Perkins v. Quaker City (1956), 165 Ohio St. 120, 125. (Emphasis added).
 {¶ 15} The trial court found:
 {¶ 16} "The court has been impressed with the pettiness and lack of charity toward each other shown by the litigants. The defendants have stored tires and car parts in the church, periodically shut off the water to the church and continued from time to time to place unlicensed vehicles in the church parking lot. Efforts to get the parties to use the premises for worship services at different times on Sunday were unsuccessful because of the efforts of defendants (and specifically Rev. William Hogan) to physically prevent the plaintiffs from conducting their services and because of their continuing efforts to lock out the plaintiffs. Plaintiffs have removed personal property from the church which may or may not belong to the church corporation." October 5, 2005 Judgment Entry.
 {¶ 17} Based upon the foregoing and the entire record in this matter, we find appellant has failed to demonstrate the trial court acted unreasonably, arbitrarily or unconscionably when issuing this injunction. The trial court made a commendable attempt to make sure each faction had access to worship while this litigation was pending. Appellant and her faction consistently disrupted Jerry Zellner's attempts to conduct worship services, physically removing him from the building as well as preventing his entrance by changing the locks. Accordingly, we find the trial court did not abuse its discretion in granting injunctive relief.
 {¶ 18} Appellant's first assignment of error is overruled.
 II {¶ 19} In her second assignment of error, appellant submits the trial court erred in determining the status of the nonprofit corporation, its trustees and members. Specifically, appellant argues the trial court erred in finding the corporation of the Apostolic Full Gospel Church was created pursuant to R.C. 1702.14.
 {¶ 20} R.C. 1702.14 provides:
 {¶ 21} "Where neither the articles nor the regulations provide for members thereof as such, or where a corporation has in fact no members other than the directors, the directors shall, for the purposes of any statute or rule of law relating to corporations, be taken to be the members of such corporation, and they shall have all the rights and privileges of members; except that where the provisions in this chapter relating to meetings of directors differ, it shall be sufficient to comply with the provisions relating to directors."
 {¶ 22} Because the Articles of Incorporation did not provide for members, the only members are the trustees, to wit: Dean Zellner and Jerry Zellner.
 {¶ 23} Appellant submits the corporation was created pursuant to R.C.1702.08(A), which provides:
 {¶ 24} "(A) When an unincorporated society or association, organized for any of the purposes for which a corporation could be formed under this chapter, authorizes the incorporation of that society or association, by the same procedure and affirmative vote of its voting members that the regulations, constitution, or other fundamental agreement of the society or association requires for an amendment to that fundamental agreement or, if no such vote is specified, by a majority vote of the voting members present in person or, if permitted, by mail, by proxy, or by the use of authorized communications equipment, at a duly convened meeting the purpose of which is stated in the notice of the meeting, then upon the filing of the articles under section1702.04 of the Revised Code setting forth those facts and that the required vote has been obtained, that society or association shall become a corporation, and the members of the society or association shall become members of that corporation in accordance with provisions in the articles to that effect."
 {¶ 25} R.C. 1702.08(A) sets forth two requirements which must be satisfied in order for association members to become corporation members. First, the members of the unincorporated association must vote to approve the incorporation either by the vote required under its regulations or, if no vote is specified in its regulations or constitutions, by the vote of a majority of the voting members present. The articles of incorporation must, thereafter, include a statement the association members approved the incorporation. Second, the articles must include provisions defining a member and the requirements for becoming a member.
 {¶ 26} The Articles of Incorporation of the Church do not satisfy the requirements of R.C. 1702.08(A). The articles do not address the subject of "members", neither defining the term nor setting forth the requirements for membership. Accordingly, the members of the unincorporated association could not become members of the corporation "in accordance of provisions in the article to that affect". R.C.1702.08(A). Appellant failed to establish the requirements of R.C.1702.08(A) were satisfied. Accordingly, we find the trial court correctly applied R.C. 1702.14, determining the members of the corporation were the two trustees, Dean Zellner and Jerry Zellner, and, as such, the two trustees, and not the attendees, should elect the third trustee. We also find the trial court did not err in concluding Dean Zellner and Jerry Zellner, as trustees of the corporation, had the right to sue appellant regarding control of the corporation property. Because the Zellners were the trustees and the members of the corporation, they had the authority under the articles of the incorporation to sue appellant on behalf of the Church in order to establish control over the property.
 {¶ 27} Appellant's second assignment of error is overruled.
 {¶ 28} The judgment of the Richland County Court of Common Pleas is affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] At the trial in the instant matter on September 21, 2005, the parties stipulated the Magistrate's Findings of Fact numbered one through eight in its March 18, 2005 Decision were accurate. Accordingly, we shall incorporate those Findings of Fact into our Statement of the Facts.