MOORE et al., Appellants,

v.

CHRIST'S CHRISTIAN FELLOWSHIP CHURCH, INC. et al., Appellees.

[Cite as *Moore v. Christ's Christian Fellowship Church, Inc.*, 172 Ohio App.3d 398, 2007-Ohio-3095.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 06CA57.

Decided June 19, 2007.

Roger L. Weaver, for appellants.

Rex H. Elliott and Karen D. Weis, for appellees.

FARMER, Presiding Judge.

{¶ 1} On June 29, 2006, appellants, Kenneth Moore and others, as members of the congregation of Christ's Christian Fellowship Church, filed a derivative action against appellees, Christ's Christian Fellowship Church, Inc., its directors and trustees, and the Gospel Lighthouse Ministries, Inc., claiming in part that

appellees committed financial misconduct, refused to provide an accounting, improperly converted corporate property, and interfered with the church's ability to function as a religious entity.

{¶ 2} On August 4, 2006, appellees filed a motion for summary judgment, claiming that appellants did not have any legal standing to assert their claims. By judgment entry filed September 20, 2006, the trial court agreed and granted summary judgment to appellees.

{¶ 3} Appellants filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows:

{¶ 4} I. "The trial court erred in concluding that the case was ripe for summary judgment."

{¶ 5} II. "The trial court erred in determining that the appellants were not members of the corporation."

{¶ 6} III. "The trial court erred in determining that the appellants lacked standing to bring a derivative action or to otherwise raise the claims raised in this matter."

{¶ 7} IV. "The trial court erred in concluding that the *initial* members designated in the articles of incorporation were the *only* members and *permanent* members of the corporation."

{¶ 8} V. "The trial court erred in concluding that the plaintiffs have no interest in the corporation."

### Assignment of Error I, II, and III

{¶ 9} Appellants claim that the trial court erred in granting summary judgment for appellees as there exist genuine issues of material fact that should be heard by a jury. We disagree.

{¶ 10} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was explained by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639:

{¶ 11} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."

{¶ 12} As an appellate court reviewing a granting of summary judgment, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

{¶ 13} In its judgment entry filed September 20, 2006, the trial court determined that appellants did not have standing to initiate a derivative action, because they were not members of the corporation:

{¶ 14} "Here, the articles of incorporation designate only Defendants Harry Hill, Margaret Hill, Connie Sue Hill and Carol Jane Hill [n.k.a. Ridgeway] as Trustees and members of the corporation and the Articles of Incorporation and the Code of Regulations invest only those Trustees/members of the corporation with the powers set forth in those documents. Said by-laws do not invest Plaintiffs with an ownership interest in the corporation or a right to the corporation's assets. Thus, Plaintiffs have no standing to raise the claims which they've raised in this matter.

{¶ 15} "Moreover, R.C. 1702.14 provides:

{¶ 16} " 'Where neither the articles nor the regulations provide for members thereof as such, or *where a corporation has in fact no members other than the directors*, the directors shall, for the purposes of any statute or rule of law relating to corporations, be taken to be the members of such corporation, and they shall have all the rights and privileges of members; * * *.'

{¶ 17} "Thus, *only* Defendants Harry Hill, Margaret Hill, Connie Sue Hill and Carol Jane Hill [n.k.a. Ridgeway] are members of the corporation and have the rights the and (sic) privileges accorded to such members. Since Plaintiffs are not members of the corporation, they have no such rights and privileges regarding the assets of the Church." (Emphasis sic.)

{¶ 18} Appellants argue that the corporation's by-laws do not specify any designation or classification of members and that, therefore, they are voting members of the corporation pursuant to R.C. 1702.20(A), which states the following:

{¶ 19} "Except as otherwise provided in the articles or the regulations, each member, regardless of class, shall be entitled to one vote on each matter properly submitted to the members for their vote, consent, waiver, release, or other action."

{¶ 20} In support of their claim of membership, appellants presented a "Certificate of Membership" attached to an August 24, 2006 affidavit of Kent Searle, an appellant herein. The certificate stated the following:

{¶ 21} "This Certifies That Kent Searle has publicly confessed Jesus Christ as Lord and Saviour, and has been received into the full membership of the Christ's Christian Fellowship Church of Lithopolis, Ohio

{¶ 22} "On this 7th day of December in the year of our Lord 1975."

{¶ 23} The certificate was signed by Rev. Harry C. Hill as Pastor.

{¶ 24} In addition, the affidavit of Kent Searle claimed membership on the advisory board of the church. The affidavits of the other appellants state only that the affiants are members and volunteers.

{¶ 25} The Articles of Incorporation named trustees and members. The named trustees and members were Harry C. Hill, Margaret J. Hill, Connie Sue Hill, and Jane Carol Hill. The articles empowered the Board of Trustees "to adopt membership requirements and to admit additional members from time to time as they shall determine."

{¶ 26} The Code of Regulations is silent on the issue of membership requirements, except to empower the trustees to "adopt such membership requirements as they determine appropriate and administer such membership requirements as they deem appropriate." See Article 3. The Code of Regulations invests governance solely in the hands of the trustees: vacancies are filled by the trustees, by-laws are adopted by the trustees, removal of a trustee is by all the other trustees, and officers of the corporation are chosen, removed, or replaced by the trustees. See Articles 3 and 5. There is no requirement that an officer be a trustee or a member of the corporation. See Article 5.

{¶ 27} We find neither the articles nor the by-laws meet the requirements of R.C. 1702.08:

{¶ 28} "When an unincorporated society or association, organized for any of the purposes for which a corporation could be formed under this chapter, authorizes the incorporation of that society or association, by the same procedure and affirmative vote of its voting members * * * or, if no such vote is specified, by a majority vote of the voting members * * * and that the required vote has been obtained, that society or association shall become a corporation, *and the members of the society or association shall become members of that corporation in accordance with provisions in the articles to that effect.*" (Emphasis added.)

{¶ 29} In this case, the members of the corporation are not defined nor are there any requirements set forth for membership. In the articles, only the four trustees/members are named with no definition of or requirements for membership. See *Apostolic Full Gospel Church of Mansfield, Inc. v. Joretta Stair*, Richland App. No. 2005CA0113, 2007-Ohio-31, 2007 WL 29193. We find that absent any specific definition of membership qualifications, the trustees are

the sole members under R.C. 1702.14. The corporation exists solely with the members named in the articles.

█ {¶ 30} Appellants argue that their certificates of membership fulfill the mandates of R.C. 1702.08. We disagree. The certificates on their face do not include the name of the corporation and therefore must be literally construed to be church membership only and not corporate membership. In *Crissman v. Bd. of Trustees of Cathedral of Tomorrow of Akron, Inc.* (Mar. 21, 1990), Summit App. No. 14354, 1990 WL 31796, our brethren from the Ninth District reaffirmed that membership in a church does not equate with membership in the corporation of the church. The *Crissman* case was cited with approval by our brethren from the First District in *Howard v. Covenant Apostolic Church, Inc.* (1997), 124 Ohio App.3d 24, 705 N.E.2d 385.

{¶ 31} Upon review, we find the trial court did not err in granting summary judgment to appellees.

{¶ 32} Assignments of error I, II, and III are denied.

### Assignments of Error IV and V

█ {¶ 33} In these assignments, appellants argue that the breadth and extent of their participation in the church's organization (advisory council) and works entitles them to be stakeholders to maintain this action. We disagree.

{¶ 34} We find similar arguments were made in the *Crissman* and *Howard* cases and were rejected. The nature of the complaint sub judice is a derivative claim pursuant to R.C. 1702.12(I)(1)(c). That statute confers such a right solely to a corporate member or shareholder. None of appellants meet this definition.

{¶ 35} Assignments of error IV and V are denied.

{¶ 36} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

Judgment affirmed.

WISE and DELANEY, JJ., concur.