LANDRUM, APPELLANT, *v.* DOMBEY, APPELLEE.

(No. 10021—Decided December 7, 1971.)

*Messrs. Graham & Dutro,* for appellant.
*Messrs. Chester, Hoffman, Park, Willcox & Rose,* for appellee.

STRAUSBAUGH, J. This appeal is before us from an order of the Common Pleas Court sustaining defendant's motion for summary judgment.

The action is one for libel in which defendant is alleged to have published four writings containing false and defamatory statements about plaintiff, who was president of the First State Bank and Trust Company of Columbus, Ohio. Defendant was a stockholder and member of the board of the bank. Plaintiff's assignment of error is that: "The trial court erred in sustaining defendant's motion for summary judgment."

R. C. 2311.041 provides:

"* * * A summary judgment shall not be rendered unless it appears from the pleadings, depositions, answers to interrogatories, written admissions of the genuineness of papers or documents, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, previously filed in the action, and only therefrom, that reasonable minds can come to but one conclusion and that

conclusion is adverse to the party against whom the motion for summary judgment is made * * *."*

The plaintiff maintains that the trial court "erred in holding that as a matter of law it is not actionable to say of a person that he is incompetent to perform the duties of his office, business or profession." Defamation of a kind incompatible with the proper conduct of a business or profession will bear an action that would not be actionable in the case of another person. Such statement must be made with reference to a matter of significance and importance for that purpose and impute either habitual conduct or lack of qualities which the public has a right to expect of such person in his calling. Prosser, Torts 775, 776 (3rd ed. 1964). One who falsely and without a privilege to do so, publishes a slander which ascribes to another conduct, characteristics or a condition incompatible with the proper conduct of his lawful business, trade, profession, or of his public office whether honorary or for profit, is liable to the other. 3 Restatement of the Law of Torts 177 (1938). Under such rule, it is slanderous to publish spoken words which attribute to the other conduct or characteristics incompatible with the proper conduct of his lawful trade or profession or with the proper discharge of his duties as a public officer. *Id.* at 168. An illustration of this rule is where the defendant, falsely and without a privilege, says to a third party that the plaintiff, a lawyer, is ignorant and unqualified to practice law, in which case the defendant would be liable to the lawyer. *Id.* at 180.

In reading the documents submitted to the court in relation to the defendant's motion for summary judgment, there is noted an affidavit of plaintiff which contains the following sentence:

"Affiant further says that the defendant, Alex S. Dombey, did, on various occasions, make statements to various persons threatening that he would 'ruin' this affiant and drive this affiant 'out of banking and out of the State of Ohio.'"

---

*This section was repealed by Section 1 of House Bill 1201 effective July 1, 1971.

Such statement would indicate malice on the part of the defendant. Defendant, in his brief, asserts that "self serving statements made by the defendant to unnamed third parties are hearsay and, as such, are not admissible in evidence," citing R. C. 2311.041. There is nothing in the plaintiff's sworn statement above which would indicate that such affidavit was not made on affiant's personal knowledge. The mere fact that the statement was made to various persons does not mean that the statement was hearsay. Furthermore, there was nothing filed by defendant refuting the allegation in the amended petition which is supported by the above affidavit of malice.

We cannot agree with the finding of the trial court that: "* * * the competentcy [*sic*] of a person to be president of a bank is solely a matter of opinion and cannot be the subject of a factual determination, a charge that a person is incompetent in his position cannot be the subject of an action for libel especially where it is accompanied by the factual basis upon which the opinion is based. * * *"

A careful reading of the affidavits, depositions and transcripts accompanying the motion for summary judgment indicates that the "factual basis" was not clear and indeed disputed. The determination of the "factual basis" along with the charge that "a person is incompetent in his position" as a bank president when accompanied by evidence that such statement was made with malice presents a jury issue.

The plaintiff next claims that: "The court erred in holding that as a matter of law it was not libelous to say of the plaintiff that he gave false testimony." R. C. 2739.-02 provides:

"In an action for a libel or a slander, the defendant may allege and prove the truth of the matter charged as defamatory. Proof of the truth thereof shall be a complete defense. In all such actions any mitigating circumstances may be proved to reduce damages."

Defendant's communication of March 31, 1966 contained a statement that plaintiff "gave false testimony on

the condition of the bank" at a hearing before the Division of Securities. In his deposition, plaintiff explained that he "had no trouble with the Banking Department" and replied "No" when asked; "A large substandard loan predicament is no trouble, is it?"

Upon trial, the defendant would have the burden of proof on the question of whether or not the defendant's accusation contained in his letter of March 31, 1966, was true. This would be a factual issue for the jury to decide upon the evidence before it at that time. At this time reasonable minds would not be compelled to a conclusion adverse to plaintiff.

The plaintiff next alleges: "The court erred in finding that three of the alleged libelous communications were the subject of a qualified privilege, there being actual malice on the part of the defendant and there being publication of the communications to persons outside the privileged class." The trial court held, on page two of its decision: "There can be no doubt that all of the communications, with the possible exception of those alleged to have been made to officers of the Huntington National Bank, are the subject of at least a qualified privilege. * * *" There is a conditional or qualified privilege of a publication where circumstances exist, or are reasonably believed by the defendant to exist, which cast on the defendant the duty of making a communication to a certain other person to whom he makes such communication in the performance of such duty, or where the person is so situated that it becomes right in the interests of society that he should tell third persons certain facts, which he in good faith proceeds to do. 34 Ohio Jurisprudence 2d 233, Libel and Slander, Section 67.

The Supreme Court, in *Post Publishing Co.* v. *Moloney* (1893), 50 Ohio St. 71, stated, in referring to a publication containing libelous words, at pages 84, 85:

"Whether it be privileged, or not, must depend upon the circumstances of the publication, as well as the language employed. * * * Publications having a qualified privilege are more numerous, [than those which are absolutely

privileged] and are those where the privilege arises out of the circumstances of the publication. Good faith in the publication, and the exercise of reasonable diligence to ascertain the truth of its statements are essential to the privilege, which is said to be qualified, because the plaintiff may recover, if actual malice be shown, notwithstanding the existence of the circumstances which would otherwise make the publication a privileged one. * * * Whether the facts which gave the publication the privileged character claimed for it, were established by the evidence, was a question for the jury; and they were so instructed. * * *''

We would agree with the contention of defendant contained on page eleven of his brief that ''* * * the plaintiff must then, if he can, give evidence of malice, * * *'' It is clear that plaintiff in his affidavit did just that.

There is evidence that certain of the publications were not subject to a qualified privilege because they were not limited to proper persons. The letter of February 5, 1966, was published to two officials of the Huntington National Bank, Messrs. Fultz and Huwaldt, according to the testimony of plaintiff contained on page 36 of plaintiff's deposition. The communication dated March 31, 1966, in the second paragraph, indicates that ''this portion of the letter is directed to the firm of Vorys, Sater, Seymour & Pease, which is purporting to act on behalf of the bank through Mr. John Elam * * *.'' The act of communicating defamatory matter to persons with respect to whom there is no privilege is an act without legal justification or excuse and therefore actionable. Inasmuch as the evidence is conflicting concerning the communication of the matter in question to persons to whom there is no privilege, such question becomes an issue for the jury.

Plaintiff's final contention is that ''the court erred in holding that a communication published to officials of an administrative agency is the subject of an absolute privilege.'' The question of absolute privilege was discussed by the Supreme Court in *Bigelow* v. *Brumley* (1941), 138 Ohio St. 574, at page 580, as follows:

''It has been said by many courts that the occasions

of absolute privilege are few and that the tendency is to limit them rather strictly to the following types of occasions: (1) The legislative proceedings of sovereign states; (2) judicial proceedings in established courts of justice; (3) official acts of the chief executive officers of state or nation; and (4) acts done in the exercise of military or naval authority. * * *''

The communications which are the subject of this action do not fall within the above categories set down by the Supreme Court. Furthermore, we would agree with the legal principle set forth by the Court of Appeals of Hamilton County, in *Meyer* v. *Parr* (1941), 69 Ohio App. 344, where it stated in the syllabus:

''A person who voluntarily and on his own initiative makes a false and malicious written communication to the Ohio State Board of Embalmers and Funeral Directors is not protected by reason of the occasion against liability for the libel. Such a false communication is privileged only when made in good faith.''

Defendant cites in opposition the ruling of the Common Pleas Court of Pickaway County, in *Shade* v. *Bowers* (1962), 93 Ohio Law Abs. 463, wherein the court stated that the issue was whether or not the statements made by the mayor and chief of police of South Bloomfield before the Board of Liquor Control were absolutely privileged. The court then made reference to the provisions of the Liquor Control Act, relative to information being furnished to the Department of Liquor Control and the Board of Liquor Control, and quoted R. C. 4301.04(E), at 475, as follows:

''The board may require of the director and of any officer, department, board, or commission of the state or of any county, township, or municipal officer in this state, information with respect to the social and economic effects of such chapters; and all such officers, departments, boards, and commissions shall furnish such information when requested in writing by the board.''

In the case before us, we find no duty or obligation imposed by law upon a director of a bank to communicate with the Superintendent of Banks, and we therefore find

such communication not to be the subject of an absolute privilege.

Plaintiff's assignment of error is sustained and the order of the Common Pleas Court, sustaining defendant's motion for summary judgment, is reversed and the cause is remanded for trial in accordance with this decision.

*Judgment reversed and cause remanded.*

TROOP, P. J., and HOLMES, J., concur.