KINNEY, Appellant,

v.

KROGER COMPANY, Appellee, et al.

[Cite as *Kinney v. Kroger Co.*, 146 Ohio App.3d 691, 2001-Ohio-3974.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–443.

Decided Dec. 11, 2001.

Plymale & Associates LLP, and Ronald E. Plymale, for appellant.

Lane, Alton & Horst LLC, William Scott Lavelle and Jeffrey M. Poth, for appellee Kroger Company.

Per Curiam.

{¶ 1} Plaintiff-appellant, April R. Kinney, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, the Kroger Company.

{¶ 2} Appellant filed a complaint on June 16, 2000, seeking damages based upon appellee's alleged defamation of her by posting a photocopy of a check she wrote to appellee containing notations indicating that the check was "fake" and that she "has passed conterfiet [sic] checks before."  Appellee filed a motion to

dismiss for failure to state a claim on June 27, 2000, arguing that appellant failed to plead two elements of a defamation claim. Appellant filed a memorandum contra on July 11, 2000. The trial court issued a decision overruling the motion to dismiss on August 16, 2000, and noted that, "if Plaintiff can establish that anyone other than herself or an agent of Defendant saw the claimed defamatory words and understood their defamatory character, Plaintiff can establish a prima facie case of defamation." Appellee then filed an answer on August 16, 2000.

{¶ 3} On January 19, 2001, appellee filed a motion for summary judgment arguing that appellant had failed to present a prima facie case of defamation because she failed to identify a third person other than her daughter Amanda, who saw the allegedly defamatory photocopy. In support of its motion, appellee filed copies of appellant's answers to appellee's first set of interrogatories, as well as her responses to appellee's requests for admissions, both acknowledging that appellant had failed to identify any third person other than her daughter who saw the photocopy. Appellant filed a memorandum contra on February 1, 2001, admitting that she had not identified a particular third person, but arguing that there were genuine issues of material fact that others saw the photocopy because it was prominently displayed. In support of her memorandum contra, appellant filed her affidavit stating that her daughter saw the photocopy on April 10, 2000, and that an employee of the Kroger pharmacy with whom she is acquainted also saw the photocopy and mentioned it to her. Appellee filed a reply memorandum in support of its summary judgment motion on February 7, 2001, asserting that appellant's affidavit contained inadmissible hearsay.

{¶ 4} On February 23, 2001, the trial court issued a decision granting the motion for summary judgment of appellee. The trial court found that appellant failed to present a prima facie case of defamation in that she failed to present any admissible evidence that the alleged defamation was published to any third person and that anyone understood its defamatory nature. Thus, the trial court concluded that she had not shown that she was damaged and that summary judgment for appellee was warranted. A final judgment entry granting appellee's motion for summary judgment was filed on March 14, 2001. Appellant filed a timely notice of appeal on April 11, 2001.

{¶ 5} On appeal, appellant asserts one, multi-part assignment of error:

{¶ 6} "The trial court erred in granting Appellee's Civ. R. 56 motion for summary judgment because:

{¶ 7} "(1) issues of fact exist as to whether there was a publication of defamatory matter to third parties, including Plaintiff–Appellant's daughter and all of Defendant–Appellee's customers;

{¶ 8} "(2) issues of fact exist concerning whether or not Kroger's publication to Kroger employees meets the qualified privilege elements because Kroger:

{¶ 9} "(a) failed to limit its publication to proper persons; and

{¶ 10} "(b) failed to investigate the allegations in good faith before publication; and

{¶ 11} "(3) the trial court improperly shifted the Civ. R. 56 initial evidentiary burden to Ms. Kinney the nonmoving party."

{¶ 12} Appellant was shopping at appellee's grocery store on Stringtown Road in Grove City, Ohio, on January 25, 2000. Appellant purchased groceries with a check drawn on her account with the First Western National Bank in Colorado for a total of $93.18. The check was presented to the bank for payment by appellee and cleared on February 4, 2000. However, apparently on January 25, 2000, an employee of appellee made a photocopy of appellant's check and wrote on the photocopy statements indicating that appellant "has passed conterfiet [sic] checks before," that the "bank does not exist," and advising "DO NOT TAKE! These are fake! THANKS:. MGMT." The photocopy, bearing these statements, was then placed by the register at the express check-out aisle.

{¶ 13} On April 10, 2000, appellant was in the express check-out aisle at appellee's Stringtown Road store when her daughter Amanda noticed the photocopy and showed it to appellant. Appellant then spoke to the store manager, who indicated that it was not their policy to post such things. The manager contacted appellant on the following day and indicated that the photocopy was posted prior to the check being presented to the bank for payment. Apparently, the photocopy was removed upon appellant's request.

{¶ 14} In appellant's single assignment of error, she argues that the trial court erred by granting appellee's motion for summary judgment because genuine issues of material fact remain and because the trial court incorrectly placed the burden of proof on her. We disagree.

{¶ 15} An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination. *Sadinsky v. EBCO Mfg. Co.* (1999), 134 Ohio App.3d 54, 58, 730 N.E.2d 395. An appellate court applies the same standard as the trial court in reviewing a trial court's disposition of a summary judgment motion. *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that "* * * (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is

adverse to the party against whom the motion for summary judgment is made. * * *" *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 16} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138.

{¶ 17} The Supreme Court of Ohio delineated the allocation of the evidentiary burdens for the moving and the nonmoving party in a summary judgment motion where the moving party asserts that the nonmoving party cannot prove its case in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (interpreting *Celotex Corp. v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265). In *Dresher,* the Ohio Supreme Court held:

{¶ 18} "* * * [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."

{¶ 19} The court explained that a nonmoving party cannot rest upon the allegations of the pleadings, but must respond with affidavits or similar evidentiary materials demonstrating that a genuine issue of material fact exists for trial. Id., citing Civ.R. 56(E).

{¶ 20} In *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 243, 72 O.O.2d 134, 331 N.E.2d 713, the Supreme Court of Ohio delineated what a party must prove to establish a prima facie case of defamation:

{¶ 21} "In an action for defamation, the plaintiff's prima facie case is made out when he has established a publication to a third person for which defendant is

responsible, the recipient's understanding of the defamatory meaning, and its actionable character.  * * *"

{¶ 22} For the purposes of deciding appellee's motion for summary judgment, the trial court accepted that appellee negligently or intentionally posted a false statement about appellant that caused her harm. However, the trial court granted appellee's motion for summary judgment because it concluded that appellant failed to establish a prima facie case of defamation. Specifically, the trial court indicated that appellant failed to produce admissible evidence demonstrating a genuine issue of material fact that the photocopy was published to a third person, or that anyone to whom it was published understood its defamatory nature. Appellant argues on appeal that a genuine issue of material fact exists as to publication to a third person in that she introduced evidence indicating that the photocopy was published to her daughter Amanda. Appellee argues that appellant waived this argument by not raising it before the trial court and that the statements concerning publication to her daughter in her affidavit were hearsay.

{¶ 23} In *Hecht v. Levin* (1993), 66 Ohio St.3d 458, 460, 613 N.E.2d 585, the Supreme Court of Ohio discussed what constitutes publication to a third party:

{¶ 24} "* * * The publication of defamatory matter is an essential element to liability for defamation. 'Publication of defamatory matter is its communication intentionally or by a negligent act to one other than the person defamed.' 3 Restatement of the Law 2d, Torts (1965), Section 577(1). *Any* act by which the defamatory matter is communicated to a third party constitutes publication. Id. at Comment *a.* Also, it is sufficient that the defamatory matter is communicated to one person only, even though that person is enjoined to secrecy. See id. at Comment *b.* Ohio law recognizes that publication of defamation consists in communicating it to a person or persons other than the person libeled. *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 243, 72 O.O.2d 134, 138, 331 N.E.2d 713, 718."

{¶ 25} A review of the record indicates that, while appellant may not have directly focused her publication argument on her daughter, her memorandum contra appellee's motion for summary judgment clearly states that her daughter saw the photocopy.

{¶ 26} Moreover, appellee's summary judgment motion and reply memorandum both concede that appellant's daughter saw the photocopy. Thus, we find that appellant did not waive this issue on appeal. However, appellant failed to produce any admissible evidence under Civ.R. 56 that her daughter saw the posting. Her affidavit states that "my daughter saw and pointed out to me a photocopy of the above mentioned check." As appellee asserts, this statement is clearly hearsay. Thus, appellant failed to produce admissible evidence as to the

publication element of a *prima facie* defamation case, and the trial court did not err in granting appellee's motion for summary judgment.

{¶ 27} Additionally, we conclude that summary judgment was appropriate because appellant failed to introduce any evidence that her daughter Amanda, or any other third party that might have seen the photocopy, understood the defamatory meaning of the statements on the photocopy. Appellant did not produce an affidavit from her daughter or any person other than herself. Moreover, her appellate brief fails to address this essential element of a defamation prima facie case; instead, her brief focuses on the fact that the photocopy was posted for several months by the register where members of the public might have seen it. She asks this court to infer publication and never addresses the understanding of the defamatory meaning element. However, appellant offers no authority for the proposition that a court may infer either publication or understanding of the defamatory meaning of the statements based on the fact that the photocopy was posted in such a manner that someone might have seen it. As appellee asserts, *Landrum v. Dombey* (1971), 30 Ohio App.2d 200, 59 O.O.2d 316, 284 N.E.2d 183, is inapplicable in that publication was not an issue but, instead, the issue was whether the defendant's unrefuted statements made to unnamed persons recited in the plaintiff's affidavit were sufficient to withstand summary judgment on the issue of whether the defendant acted with malice.

{¶ 28} Thus, the trial court did not err in granting appellee's motion for summary judgment because appellant failed to demonstrate that genuine issues of material fact exist that she established a prima facie case of defamation.

{¶ 29} Because appellant failed to present evidence demonstrating a prima facie case, this court need not address her qualified privilege argument. See *Hahn* at 243, 72 O.O.2d 134, 331 N.E.2d 713 (defenses such as qualified privilege may be invoked only after a prima facie case of defamation is established); *Byvank v. Fidelity Orthopedic, Inc.* (May 28, 1999), Montgomery App. No. 17465, 1999 WL 335056; *Gray v. Ryder Truck Rental, Inc.* (Mar. 22, 1984), Franklin App. No. 83AP–123, 1984 WL 4718.

{¶ 30} Finally, appellant argues that the trial court erred by improperly shifting the burden of production to her. However, our review of the record indicates that appellee met its initial burden under *Dresher* of identifying the portions of the record demonstrating the absence of any genuine issues of material fact on the essential elements of a defamation claim. Specifically, appellee filed copies of appellant's answers to its first set of interrogatories and her responses to its requests for admissions to demonstrate that appellant had failed to identify anyone other than her daughter who saw the photocopy and understood its defamatory meaning. Under *Dresher*, the burden then shifted to appellant to set forth facts demonstrating that a genuine issue of material fact

exists for trial. Appellant responded with only her affidavit and a copy of the photocopy of her check with the statements written on it, neither of which provided evidence on the publication or understanding the defamatory meaning elements. Thus, the trial court did not err in its allocation of the evidentiary burdens.

{¶ 31} Based upon the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

KENNEDY, DESHLER and BROWN, JJ., concur.