DECISION
{¶ 1} On October 14, 2001, at approximately 11:45 p.m., appellee, Wyman McCary, II, was driving a Nissan Frontier pickup truck eastbound on Morse Road, near the intersection of Wolford, and struck Andalcio Lewis, a pedestrian attempting to cross Morse Road. Lewis died from the injuries and the administrator of his estate filed this action seeking monetary damages. Appellee filed a motion for summary judgment, which the trial court granted.
 {¶ 2} Appellant, Harry Paulino, filed a notice of appeal and raises the following assignment of error:
Was the trial court correct in granting summary judgment to Appellee upon the basis that Appellant asked the court to rely solely on "speculation and conjecture" when lay testimony of witnesses to the collision as well as the expert testimony of Peter Alexander [based upon the witness statements, police investigation and deposition testimony] would have permitted the trier of fact to conclude that Appellee lost his right of way because he was inattentive and failed to see and avoid Andalcio Lewis when every other witness was able to clearly discern, and avoid, Andalcio Lewis?
 {¶ 3} By the assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 358-359.
 {¶ 4} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or non-existence of genuine issues of fact. To prevail upon their claim for negligence, at trial, appellant was required to prove by a preponderance of the evidence that appellee owed them a duty of care, that it breached that duty and that the breach proximately caused their injuries. Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285.
 {¶ 5} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy, supra.
 {¶ 6} In this case, answers to interrogatories and four depositions were filed, one was a witness to the accident, two were police officers, and an expert for appellant, along with the expert's reports.[1] James T. Jones, Jr., was a witness to the accident. He testified that he was traveling east on Morse Road, in the curb lane at approximately 20 to 25 m.p.h. (Jones Depo., at 10, 19.) Morse Road at that location is a three-lane road in each direction with a center turn lane. As Jones approached the intersection of Morse and Wolford, the traffic light turned red. He slowed down to approximately 10 to 15 m.p.h., but the light changed to green so he did not completely stop. As he was accelerating through the intersection, he saw a pedestrian, later identified as Lewis, walking across Morse Road from the south to the north side. (Jones Depo., at 13-14.) Lewis was walking "casually," in a "gingerly, loafing kind of way." (Jones Depo., at 14.) Jones also described Lewis as "strolling" or having a "clumsy walk." (Jones Depo., at 31-32.) When Lewis reached the median lane, he was struck by appellant's vehicle and carried under the vehicle for some distance. (Jones Depo., at 16.) Lewis was wearing a hooded sweatshirt, a light brown-colored jacket, headphones, boots and khaki pants. (Jones Depo., at 20-21.) Jones testified that appellee entered the intersection on a green light and the collision occurred east of the crosswalk. (Jones Depo., at 33-34.) In Jones' opinion, appellee had no opportunity to avoid the collision. (Jones Depo., at 33.)
 {¶ 7} John Herman, a Columbus Police Officer, testified that he was an investigating detective who completed the on-scene and follow-up investigation. (Herman Depo., at 13.) He determined that the area of impact for the accident was 28.9 feet east of the crosswalk area. (Herman Depo., at 32.) He also determined that the driver entered the intersection on a green light and there was no evidence that the driver was at fault. (Herman Depo., at 59; 61.) Another Columbus police officer, an accident reconstructionist, Mark Rice, testified. He investigated the accident and determined that appellee's speed was less than the 45 m.p.h. posted speed limit. (Rice Depo., at 15.) He also determined that the accident occurred east of the intersection of Morse and Wolford, and east of the crosswalk. (Rice Depo., at 46-47.) Both Herman and Rice believed that the cause of the accident was that Lewis was illegally in the roadway and caused his demise. (Rice Depo., at 50.)
 {¶ 8} Peter Alexander, a physicist who performs accident reconstructions, testified that he believed one cause of the accident was the careless driving by appellee because either he was inattentive or driving too fast since he did not see Lewis in time to stop his vehicle, but that Lewis may also bear some responsibility for the collision. (Alexander Depo., at 19-21; reports.) Alexander concluded that the data reviewed did not provide sufficient information to accurately determine the speed of appellee's vehicle, but the damage to the vehicle is consistent with an impact speed of 35 to 45 m.p.h. In his report, Alexander stated that the debris field indicated that the point of impact was near, or in, the crosswalk, but in his deposition he agreed that he had no facts sufficient to conclude that Lewis was in the crosswalk and that the witness statements he read indicated that Lewis was not in the crosswalk. (Alexander Depo., at 41.)
 {¶ 9} Alexander concluded that the data from the witness statements indicate that Lewis was crossing the roadway for approximately 11 seconds from the time he stepped off the curb until impact. The data also indicated that the light for eastbound traffic was red when Lewis stepped off the curb, implying that the light for northbound traffic was green. To reach the 11 seconds conclusion, Alexander assumed 30 feet from the curb and traveling at 2.7 feet per second. (Alexander Depo., at 43.) However, these conclusions were based upon inadmissible hearsay, the witness statements and assumptions.
 {¶ 10} Alexander also concluded that appellee should have been able to see Lewis crossing the road for approximately five seconds before the impact based upon the time that another witness, Ms. Aronowicz, first saw Lewis. Assuming 40 m.p.h., appellee should have been able to stop his vehicle in approximately 177 feet or 4.5 seconds, allowing for normal perception/reaction time. Since appellee did not see Lewis until immediately before impact, Alexander concluded that appellee was the main cause of the collision because he was either inattentive or driving too fast. However, Alexander concluded that both parties bear responsibility for the collision. (Alexander Depo., at 78.)
 {¶ 11} There was no evidence presented that appellee should have seen Lewis. Alexander's opinion is based upon the fact that other drivers were able to avoid hitting Lewis. Alexander himself testified that he is not an expert in lighting, visibility or conspicuity issues. (Alexander Depo., at 61.) The fact that a vehicle hits an individual on a roadway does not establish negligence. Dixon v. Nowakowski (Aug. 27, 1999), Lucas App. No. L-98-1372. Negligence must always be proven, it is never presumed. Biery v. Pennsylvania Rd. Co. (1951), 156 Ohio St. 75, paragraph two of the syllabus. "In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary." Id.
 {¶ 12} In addition, Lewis violated R.C. 4511.46(B), which provides that "[n]o pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle, trackless trolley, or streetcar which is so close as to constitute an immediate hazard."
 {¶ 13} In this case, the evidence provides that appellant was traveling lawfully at the time of the collision. R.C. 4511.01(UU)(1) provides:
"Right-of-way" means * * *
(1) The right of a vehicle * * * or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or the individual is moving in preference to another vehicle * * * or pedestrian approaching from a different direction into its or the individual's path[.]
 {¶ 14} R.C. 4511.48(A) provides:
Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles * * * upon the roadway.
 {¶ 15} Appellant argues that appellee lost his right-of-way because he contends that appellee violated R.C. 4511.48(E) by not exercising due care. R.C. 4511.48(E) provides:
This section does not relieve the operator of a vehicle, streetcar, or trackless trolley from exercising due care to avoid colliding with any pedestrian upon any roadway.
 {¶ 16} Appellant argues that appellee did not exercise due care because he did not see Lewis despite the fact that other drivers avoided hitting him. However, Lewis was crossing Morse Road outside of the crosswalk and against the traffic light. The police investigators testified that Lewis was crossing outside the crosswalk because the area of impact was east of the crosswalk. (See Rice Depo., at 45; Herman Depo., at 53.) The investigating officer determined that appellee entered the intersection on a green light and there was no evidence that appellee was at fault. (Herman Depo., at 59; 61.) The only witness to testify stated that appellee entered the intersection on a green light, and the collision occurred east of the crosswalk. (Jones Depo., at 33.) Jones testified that he believed appellee did not have an opportunity to avoid the collision. (Jones Depo., at 33.) Although appellant argues that appellee was a cause of the collision, it is based on the expert report which states appellee was a cause because he should have seen Lewis since other drivers avoided hitting him. No evidence was presented that appellee did not exercise due care once the perilous situation, appellant crossing the street, was discovered. All the admissible evidence provides that appellee was not at fault. Appellant has not met his reciprocal burden on summary judgment to demonstrate a material issue of fact that appellee was negligent. Appellant's assignment of error is not well-taken.
 {¶ 17} For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellant attached unsworn witness statements from the Ohio Traffic Crash Report to his memorandum contra but we did not consider them since they are not appropriate Civ.R. 56 materials. Hearsay statements, unless an exception to the hearsay rule, are not admissible evidence in a summary judgment context. Kinney v. Kroger Co. (2001),146 Ohio App.3d 691, 696-697.