[Cite as *Estate of Coumbassa v. Hickle*, 2023-Ohio-4292.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Estate of Almamy Coumbassa, :
Deceased, by and through
Poret Millimono, Administrator, :

        Plaintiff-Appellant, :        No. 22AP-788
                                   (C.P.C. No. 21CV-005481)
v. :

                                  (REGULAR CALENDAR)
Jeffrey L. Hickle et al., :

        Defendants-Appellees. :

---

D E C I S I O N

Rendered on November 28, 2023

---

**On brief:** *The Olawale Law Firm*, *LLC*, and *Emmanuel Olawale*, for appellant. **Argued:** *Emmanuel Olawale.*

**On brief:** *Roetzel & Andress*, *LPA*, *Phillip M. Sarnowski*, and *Christopher E. Cotter*, for appellees. **Argued:** *Phillip M. Sarnowski.*

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, P.J.

{¶ 1} Plaintiff-appellant, Poret Millimono, Administrator of the Estate of Almamy Coumbassa ("decedent"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Jeffrey L. Hickle and Logistics Services, Inc. ("LSI") (collectively, "appellees"). For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} This case arises out of two separate, but ultimately related, back-to-back motor vehicle accidents that occurred at approximately 4:45 a.m. on March 3, 2017 on I-70 East in Columbus, Ohio. The case was first filed by prior counsel on behalf of appellant

(then plaintiff) on March 1, 2019 in the Franklin County Court of Common Pleas as *Millimono v. Hickle, et al.*, Franklin C.P. No. 19CV-1829. The docket[1] of that case shows that appellees filed a motion for summary judgment on June 5, 2020 and the motion was supported with evidence in the form of the deposition testimony of Officer Joshua Seymour and Detective Shane Karnes. The docket further shows the complete transcripts of those individuals were filed on June 5, 2020 as well. On September 4, 2020, appellant filed a notice of voluntary dismissal of Franklin C.P. No. 19CV-1829 pursuant to Civ.R. 41(A)(1)(a).

{¶ 3} On August 30, 2021, appellant refiled the action via the assistance of new counsel from that in the originally filed case. (*See* Compl.) In the complaint, appellant asserted the following causes of action against appellees: negligence and negligence per se against both Hickle and LSI; negligent entrustment against LSI; negligent hiring, supervision, training and/or retention against LSI; respondeat superior, vicarious liability, joint venture, agency and "borrowed servant" against LSI; and gross negligence against both Hickle and LSI. (Compl. at 4, 6-8, 10; Dec. 12, 2022 Decision & Entry at 1-2.) Each of appellant's claims is dependent upon proof of Hickle's own negligence.

{¶ 4} On the same day the complaint was filed, the clerk's original case schedule was issued and filed. (Aug. 30, 2021 Clerk's Original Case Schedule.) The case schedule designated April 25, 2022 as the dispositive motion deadline and May 23, 2022 as the discovery cutoff date. *Id.* Although the parties filed a joint discovery plan on December 3, 2021 which proposed extending the foregoing deadlines, the docket does not indicate that the trial court adopted the parties' proposed case scheduling order. (*See* Dec. 3, 2021 Joint Disc. Plan.) Neither does the docket indicate that the trial court otherwise modified the original case schedule. Thus, the original case scheduling dates were left intact throughout the course of the case.

{¶ 5} On April 25, 2022, appellees filed their motion for summary judgment. Appellant filed her response in opposition on May 20, 2022, and appellees filed a reply

---

[1] This court may take judicial notice of the docket of Franklin C.P. No. 19CV-1829. *Lane v. U.S. Bank, N.A.*, 10th Dist. No. 18AP-197, 2018-Ohio-3140, ¶ 10, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8 (citing cases in which courts have taken judicial notice of the dockets of cases in other courts that are public records available online).

on May 27, 2022. Appellees supported their motion with evidence in the form of various witnesses' deposition testimony and affidavits and related exhibits. Appellant supported her response in opposition with her own affidavit.[2] (May 20, 2022 Resp. in Opp.; Ex. A, Poret Millimono Aff.) Appellant also submitted an email exchange between counsel concerning the discovery and subpoena materials exchanged in the originally filed case. *Id*.; Ex. B. The admissible evidence evinces the following facts.

{¶ 6} As noted previously, the instant matter arises from two separate, consecutively occurring motor vehicle accidents that occurred at approximately 4:45 a.m. on March 3, 2017 on I-70 East in Columbus, Ohio. In the first accident, the decedent, operating his own motor vehicle, merged onto the interstate in front of a tractor-trailer being operated by Walter Charles, who is not a party to this case. According to Charles' deposition testimony, the decedent's vehicle was getting in the way of Charles' vehicle, despite Charles trying to avoid decedent's vehicle. After an initial contact was made between the two vehicles, Charles continued to try to avoid decedent's vehicle, but the two vehicles collided again, leaving decedent's vehicle disabled in the roadway. Charles described decedent's actions as "intentional." (Apr. 25, 2022 Mot. For Summ. Jgmt; Ex. 4, Charles Dep. at 16.) Charles testified that after the vehicles came to rest, decedent got out of his vehicle and began running around the highway. *Id*. at 51-54.

{¶ 7} The second accident/incident, which is the one at issue in the case, occurred when appellee Hickle, who was operating a tractor-trailer and also traveling east on I-70, came upon the first accident. He attested he was in the center lane, driving approximately 50 m.p.h. (Def.'s Ex. 2, Hickle Aff. at ¶ 4-5.) He saw a vehicle ahead of him, stopped in the roadway straddling the center lane and left lane. *Id*. Hickle immediately slowed to 30 m.p.h. and moved to the right lane. *Id*. at ¶ 5. Hickle then continued slowly in the right lane to pass the stopped vehicle. *Id*. at ¶ 7.

{¶ 8} As Hickle was passing the stopped vehicle, decedent made eye contact with Hickle and then decedent suddenly ran towards Hickle's tractor as it was driving past the stopped vehicle. *Id*. at ¶ 8. Hickle immediately veered to the right to avoid hitting the

---

[2] It is undisputed that appellant was not involved in or otherwise present at the scene of the motor vehicle accidents at issue in this matter.

decedent, and then he "heard a thud, as the man had apparently run into the side of my tractor-trailer." *Id*. At the time of the incident, Hickle was driving approximately 30 m.p.h., and the speed limit was 65 m.p.h. *Id*. at ¶ 9.

{¶ 9} It is undisputed that Hickle was not cited by any local, state, or federal investigating authorities. *Id*. at ¶ 10. Hickle attested that he "had no reason to expect or foresee that the man would run towards and into my vehicle, especially after I knew that he saw my vehicle." *Id*. at ¶ 11.

{¶ 10} Hickle further attested that after the incident, he noticed damage to the heat shield and smoke stack on the side of his tractor. *Id*. at ¶ 12-13. Hickle had performed a pre-trip inspection of the tractor just a few hours prior to the incident and there was no damage to the heat shield and smoke stack at that time. *Id*. at ¶ 14.

{¶ 11} At approximately 4:50 a.m., Officer Joshua Seymour with the Columbus Police Department ("Columbus P.D.") was dispatched to the scene of the incident. (Officer Seymour Dep., at 11.) Officer Seymour testified in his deposition that the safest place for persons involved in an accident is inside their vehicle. *Id*. at 15. He further testified that the particular portion of I-70 where the incident occurred is a relatively dark area at night. *Id*. at 17-18.

{¶ 12} Detective Shane Karnes, a member of the Columbus P.D. Accident Investigation Unit, also responded to the scene of the incident. (Detective Shane Karnes Dep., at 6.) Detective Karnes testified that he observed Hickle at the scene and he did not appear intoxicated or fatigued. *Id*. at 22. Detective Karnes further testified that he observed the damage to Hickle's tractor and that it was located on the side of the tractor behind the driver's door. *Id*. at 35. He further observed the mud flap was bent as well, suggesting that something had struck it. *Id*. at 37-38.

{¶ 13} Detective Karnes testified that the location and type of damage to Hickle's tractor suggests that decedent approached the tractor from the side, "[l]aterally, perpendicular to the actual semi truck itself." *Id*. at 39. He further testified that he observed there was no damage to the front of Hickle's tractor or any other indication that decedent was struck by the front of the truck. *Id*. at 48-49. Instead, he determined that the contact between decedent and the tractor was first made to the lower left corner of the tractor, behind the driver's door. *Id*. at 49. Detective Karnes further concluded that speed

was not a factor in the collision between Hickle's tractor and decedent, and he found no wrongdoing on the part of Hickle. *Id*. at 41-42.

{¶ 14} Appellees engaged the services and submitted the affidavit of Charles Veppert, a licensed accident reconstructionist with over 30 years of experience in crash reconstruction. (Veppert Aff. at ¶ 6; Ex. 5-B at 2.) Over the course of his time with the Ohio State Highway Patrol and as a private consultant, Veppert has reconstructed over 1,000 crashes. *Id*.

{¶ 15} Veppert attested he closely examined the circumstances and evidence involved in the accidents at issue in this case to determine the reasonableness of Hickle's actions, including examining the timeline and evolution of the two collisions. (Veppert Aff. at ¶ 2-7; Ex. 5-A at 2-5.) After his review of the complete record, testimony from other witnesses, and evidence in this case, Veppert concluded that Hickle reasonably responded to decedent's disabled vehicle that was between the left and middle lanes of I-70 as Hickle approached the vehicle. (Veppert Aff.; Ex. 5-A at 4-12.) Veppert specifically emphasized the fact that decedent was a pedestrian on a high-speed highway before dawn wearing dark clothing without reflective markings, limiting his visibility. *Id*. at 11.

{¶ 16} Veppert concluded that Hickle's actions of moving to the far-right lane and slowing down was a reasonable response to the disabled vehicle. *Id*. at 12. He further opined that the pedestrian incident would not have occurred if decedent had remained inside his vehicle until help had arrived. *Id*. Veppert further agreed with the conclusion of Detective Karnes that decedent must have been moving laterally, perpendicular to Hickle's tractor-trailer, toward Hickle as he was passing the scene of the first accident. *Id*. at 11. Veppert opined that Detective Karnes' conclusion on this point was supported by the absence of any evidence of contact made between decedent and the front of Hickle's tractor. *Id*. at 9-11. Ultimately, Veppert's opinion was that based on all of the evidence presented in this case, Hickle acted reasonably in response to the particular facts, circumstances, and hazards he encountered at the time of the accident. *Id*. at 11.

{¶ 17} On December 12, 2022, the trial court issued its decision and entry granting appellees' motion for summary judgment. In it, the trial court determined that:

> [appellant] has offered no evidence, case law or otherwise, demonstrating that a duty was owed to [appellant], or

contradicting that Hickle acted reasonably. Upon reviewing the Court's record, the Court finds that Defendant Hickle did not owe a duty to [appellant] and that [appellant] has not demonstrated a material issue of fact that Hickle was negligent.

(Decision & Entry at 5.)

{¶ 18} This timely appeal followed and is now before the court.

## II. Assignments of Error

{¶ 19} Appellant asserts the following assignments of error for our review:

> 1. The trial court erred and abused its discretion in granting Defendant-Appellee's Motion for Summary Judgment where genuine disputes of material fact existed as to each of Plaintiff-Appellant's claims.
>
> 2. The trial erred and abused its discretion in granting Defendant-Appellee's Motion for Summary Judgment where the Motion was filed prior to the completion of discovery, and thus was premature.

(Sic passim.)

## III. Discussion

{¶ 20} For purposes of chronological congruity, we will address appellant's assignments of error in reverse order. In her second assignment of error, appellant asserts the trial court erred in granting appellees' motion for summary judgment where the motion was filed prior to the completion of discovery, and thus was premature. This assignment of error is meritless.

{¶ 21} "Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them." *A.M. v. Miami Univ.*, 10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 21, citing *Canady v. Rekau & Rekau, Inc.*, 10th Dist. No. 09AP-32, 2009-Ohio-4974, ¶ 16. Thus, an appellate court reviews challenges related to " 'control of the docket and consideration of motions by the trial court' " for an abuse of discretion. *Id.*, quoting *Jarvis v. Hasan*, 10th Dist. No. 14AP-578, 2015-Ohio-1779, ¶ 55. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 22} First, we unequivocally reject appellant's argument that the motion for summary judgment was filed prematurely. Rule 56(B) of the Ohio Rules of Civil Procedure clearly and plainly provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, ***at any time***, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action." (Emphasis added.) Nothing in the rule requires that a defending party wait until after all discovery is completed before filing a motion for summary judgment, and appellant has cited to no authority supporting such a proposition. To the contrary, we have previously held that "Civ.R. 56 does not mandate that full discovery must be completed before a defending party moves for summary judgment." *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 32. *See also*, *Ogle v. Kroger Co.*, 4th Dist. No. 13CA22, 2014-Ohio-1099, ¶ 17 (citing *Wiltz*); *Kristian v. Youngstown Orthopedic Assoc., Inc.*, 7th Dist. No. 03 MA 189, 2004-Ohio-7064, ¶ 14 ("Civ.R. 56 does not mandate that full discovery be completed before a motion for summary judgment may be granted.").

{¶ 23} Furthermore, as noted above, the clerk's original case schedule issued in this case designated April 25, 2022 as the dispositive motion deadline and May 23, 2022 as the discovery cutoff date. Despite that the parties filed a joint discovery plan on December 3, 2021 which proposed extending the foregoing deadlines, the docket does not show that the trial court ever adopted the parties' proposed case scheduling order or otherwise modified the original case schedule. Thus, the original case scheduling dates were left intact throughout the course of the case. Accordingly, when appellees filed their motion for summary judgment on April 25, 2022, not only was it not "premature," as argued by appellant, it was the *very last day* appellees could have permissibly filed it pursuant to the case management schedule in place.

{¶ 24} A simple review of the timeline of the docket and events of this case leads to the conclusion that appellant's assertion that she did not have time to complete discovery is disingenuous at best. As set forth above, the docket shows this is a refiled case that was originally filed on March 1, 2019 and refiled on August 30, 2021. Yet appellant's own response in opposition to the motion for summary judgment makes clear that it was not until March of 2022—almost *7 months after the case was refiled*—when she made efforts

to communicate with counsel for appellees regarding obtaining copies of the discovery undertaken in the original case. (Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. Jgmt., Ex. B.)[3] Putting aside the fact that it is not the responsibility of a defendant to ensure that the plaintiff has discovery and evidence from *plaintiff's own case*, we also point out that, as noted previously, the transcripts of the depositions taken in the original case had been filed in that case and were readily available to appellant as part of that record. Nothing would have prevented appellant from obtaining her own copies of those transcripts, yet that simple step was apparently not undertaken at any time.

{¶ 25} Similarly, nothing would have prevented appellant from conducting any further discovery she wished to conduct, including re-deposing the previously deposed witnesses and conducting her own investigation, at any time between the date of the refiling of the case in August, 2021 until the designated discovery cut-off of May 23, 2022. Yet, the docket does not evince any notices of deposition; any issuances of subpoenas; or any written discovery requests issued by appellant until March 10, 2022[4]—over six months after the case had been refiled and only 46 days before the dispositive motion deadline set by the trial court's case schedule.

{¶ 26} Moreover, this court's prior jurisprudence makes clear that the remedy for a party who must respond to a summary judgment motion before discovery necessary for a response has been completed is to file a motion under Civ.R. 56(F). *Nationstar Mtge. LLC v. Payne*, 10th Dist. No. 16AP-185, 2017-Ohio-513, ¶ 16. In *Payne*, we held:

> [g]enerally, Civ.R. 56(F) provides the sole remedy for a party who must respond to a motion for summary judgment before it has completed adequate discovery. *Mootispaw v. Mohr*, 10th Dist. No. 15AP-885, 2016-Ohio-1246, ¶ 10; *Commons at Royal Landing, LLC v. City of Whitehall*, 10th Dist. No. 15AP-240, 2016-Ohio-362, ¶ 8. Pursuant to Civ.R. 56(F), a party may request that the trial court defer ruling on the motion for summary judgment pending the completion of discovery. *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 9. ***When a party fails to move for a Civ.R. 56(F) continuance,***

---

[3] Exhibit B is a copy of an email sent from counsel for appellees to counsel for appellant dated March 17, 2022 in which counsel for appellant provided plaintiff's counsel all of the discovery materials previously produced by appellees that counsel for appellant should have already had.

[4] Appellant does not dispute that appellees timely responded to the written requests and produced documents in response to those requests.

*a trial court may grant summary judgment to the moving party even if discovery remains incomplete*. *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 11.

(Emphasis added.) *Id.* We further held in *Payne* that "the party that fails to move for a Civ.R. 56(F) continuance does not preserve his right to challenge the adequacy of discovery on appeal." *Id.*, citing *Mootispaw* at ¶ 10.

{¶ 27} In this case, appellant never filed a motion pursuant to Civ.R. 56(F) and has provided no explanation for her failure to do so. Because appellant failed to file such a motion bringing to the trial court's attention that she needed more time to complete discovery, she failed to preserve her claim that the trial court abused its discretion in proceeding to rule on the motion for summary judgment and granting it in favor of appellees. Consequently, the trial court did not err in granting summary judgment in favor of appellees, even if appellant had not obtained all the discovery she sought or planned to seek. Accordingly, for all of the foregoing reasons, we overrule appellant's second assignment of error.

{¶ 28} Turning to appellant's first assignment of error concerning the merits of appellees' motion for summary judgment, appellant asserts the trial court erred in granting summary judgment in favor of appellees where genuine disputes of material fact existed as to appellant's claims. We disagree.

{¶ 29} We review a decision on a motion for summary judgment under a de novo standard[5]. *LRC Realty, Inc. v. B.E.B. Properties*, 160 Ohio St.3d 218, 2020-Ohio-3196, ¶ 11. De novo appellate review means the court of appeals conducts an independent review, without deference to the trial court's decision. *Wiltshire Capital Partners v. Reflections II, Inc.*, 10th Dist. No. 19AP-415, 2020-Ohio-3468, ¶ 12. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). In ruling on a motion for summary judgment,

---

[5] Appellant mistakenly asserts the standard of review is "abuse of discretion."

the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6.

{¶ 30} Pursuant to Civ.R. 56(C), the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party cannot satisfy this initial burden by simply making conclusory allegations, but instead must demonstrate, including by use of affidavit or other evidence allowed by Civ.R. 56(C), that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wiltshire Capital* at ¶ 13. If the moving party fails to satisfy this initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies the initial burden, the nonmoving party has a burden to respond, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Dresher* at 293; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991). "Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party." *Mitseff v. Wheeler*, 38 Ohio St.3d. 112, 115 (1988). "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd.*, 59 Ohio St.3d 108, 111 (1991), citing *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

{¶ 31} To prevail upon her claim for negligence, appellant was required to prove by a preponderance of the evidence that appellees owed her decedent a duty of care, that appellees breached that duty, and that the breach proximately caused appellant's decedent's injuries. *Wheeler v. Ohio State Univ.*, 10th Dist. No. 11AP-289, 2011-Ohio-6295, ¶ 14, citing *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (1998), citing *Wellman v. E. Ohio Gas Co.*, 160 Ohio St. 103, 108-09 (1953). "The fact that a vehicle hits an individual on a roadway does not establish negligence." *Paulino v. McCary*, 10th Dist. No. 04AP-1186, 2005-Ohio-5920, ¶ 11, citing *Dixon v. Nowakowski*, 6th Dist. No. L-98-1372, 1999 Ohio App. LEXIS 3946 (Aug. 27, 1999). Negligence must always be proven; it is never

presumed. *Id.*, citing *Biery v. The Pennsylvania Rd. Co.*, 156 Ohio St. 75 (1951), paragraph two of the syllabus. " 'In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary.' " *Id.*, quoting *Biery*, paragraph two of the syllabus.

{¶ 32} It is well-settled that "[u]nder Ohio law, a driver traveling lawfully in her lane normally has no duty to look out for pedestrians in front of her, but a driver does have a duty to take reasonable steps to avoid colliding with a pedestrian in her right-of-way once the driver discovers a dangerous situation." *Clark v. Whaley*, 590 F.Supp.3d 1081, 1085 (S.D.Ohio, Mar. 10, 2022), citing *Snider v. Nieberding*, 12th Dist. No. CA2002-12-105, 2003-Ohio-5715, ¶ 9, citing *Deming v. Osinski*, 24 Ohio St.2d 179, 181 (1970)[6]; *see also*, *Lumaye v. Johnson*, 80 Ohio App.3d 141, 143 (10th Dist.1992).

{¶ 33} In support of their motion for summary judgment, appellees submitted with evidence in the form of various witnesses' deposition testimony and affidavits and related exhibits, all of which has been discussed above. Walter Charles, a non-party, provided deposition testimony relating to the first accident which was between his vehicle and decedent's vehicle. Charles testified that decedent's vehicle was getting in the way of Charles' vehicle and that despite Charles' efforts to avoid a collision the two vehicles collided twice, with the second collision leaving decedent's vehicle disabled in the roadway. Charles described decedent's actions as "almost intentional." (Charles Dep. at 16.) Charles further testified that after the vehicles came to rest, decedent exited his vehicle and began running around the highway.

{¶ 34} Appellee Hickle submitted his own affidavit, discussed previously, wherein he attested that while driving in the center lane of I-70 at approximately 50 m.p.h., he saw a vehicle ahead of him stopped in the roadway and straddling the center lane and left lane. Hickle attested he immediately slowed to 30 m.p.h., moved to the right lane, and continued driving slowly in the right lane to pass the stopped vehicle. Hickle further attested that as he was passing the stopped vehicle, decedent made eye contact with Hickle and then decedent suddenly ran towards Hickle's tractor as it was driving past

---

[6] In *Deming*, the Supreme Court of Ohio explicitly rejected the notion that a driver with the right of way must "look, look effectively and continue to look and otherwise remain alert" for other vehicles violating the right of way. 24 Ohio St.2d at 181-82.

decedent's vehicle.  Hickle attested that although he immediately veered to the right to avoid hitting decedent, he "heard a thud, as the man had apparently run into the side of my tractor-trailer." (Hickle Aff. at ¶ 8.)

{¶ 35}  Appellees also submitted the deposition testimony of two police officers who responded to the scene and/or investigated the incident.  Officer Joshua Seymour with the Columbus P.D. testified in his deposition that the safest place for persons involved in an accident is inside their vehicle, and that the particular portion of I-70 where the incident occurred is a relatively dark area at night.  Detective Shane Karnes with the Columbus P.D. testified in his deposition that in observing Hickle at the scene he did not appear intoxicated or fatigued.  Detective Karnes further testified that he observed the damage to Hickle's tractor and that it was located on the side of the tractor behind the driver's door.  Detective Karnes testified that the location and type of damage to Hickle's tractor suggested that decedent approached the tractor from the side, "[l]aterally, perpendicular to the actual semi-truck itself."  (Karnes Depo. at 38-39.)  He further testified that he observed there was no damage to the front of Hickle's tractor or any other indication that decedent was struck by the front of the truck, and he determined that the contact between decedent and the tractor was first made to the lower left corner of the tractor, behind the driver's door.  Detective Karnes also testified that speed was not a factor in the collision between Hickle's tractor and decedent, and he found no wrongdoing on the part of Hickle.

{¶ 36} Finally, appellees submitted the affidavit of Charles Veppert, a licensed accident reconstructionist with over 30 years of experience, including experience with the Ohio State Highway Patrol.  As discussed above, Veppert opined that Hickle's actions of moving to the far-right lane and slowing down was a reasonable response to seeing decedent's disabled vehicle.  Veppert further opined that the pedestrian incident would not have occurred if decedent had remained inside his vehicle until help had arrived.  Veppert specifically emphasized the fact that decedent was a pedestrian on a high-speed highway before dawn wearing dark clothing without reflective markings, thereby limiting his visibility.  He also agreed with the conclusion of Detective Karnes that decedent must have been moving laterally, perpendicular to Hickle's tractor-trailer, toward Hickle as he was passing the scene of the first accident.  Veppert's ultimate conclusion and opinion was that based on all of the evidence presented in this case, Hickle acted reasonably in

response to the particular facts, circumstances, and hazards he encountered at the time of the accident.

**{¶ 37}** In response to the motion for summary judgment and the evidence submitted in support of it as discussed above, the only evidence submitted by appellant was her own affidavit which purports to demonstrate there are genuine issues of material fact preventing summary judgment in favor of appellees. However, it is undisputed that appellant was not present at the scene of the accident in this case. Therefore, appellant has no first-hand knowledge of what transpired before, during, or immediately after the accident and her attestations cannot serve to rebut appellees' motion for summary judgment. Simply put, appellant has provided *no evidence whatsoever* which contradicts the admissible evidence submitted by appellees.[7]

**{¶ 38}** Furthermore, appellant's argument that there are genuine issues of material fact present in this case because Hickle could be fabricating the speed at which he was operating his vehicle—and all other evidence submitted by appellees is based on this fabrication—is purely speculative. Such speculation cannot serve to defeat appellees' motion for summary judgment which is well-supported with admissible evidence fully supporting appellees' arguments, for "[i]t is well understood that using mere speculation to raise questions of material fact is not enough to defeat a summary judgment motion." *United States Bank Natl. Assn. v. 3076 Representation Terrace Trust*, 10th Dist. No. 13AP-520, 2014-Ohio-2362, ¶ 21, citing *Allen v. USA Parking Sys., Inc.*, 7th Dist. No. 10 MA 175, 2011-Ohio-6642, ¶ 46, citing *Allstate Ins. Co. v. Sears*, 7th Dist. No. 06 BE 10, 2007-Ohio-4977, ¶ 74 (finding that mere speculation or possibility is not enough to defeat a summary judgment motion); *Poliseno v. Mitchell*, 10th Dist. No. 09AP-1001, 2010-Ohio-2615, ¶ 26 (finding mere speculation is not sufficient to overcome [a] motion for summary judgment), citing *Whiteside v. Conroy*, 10th Dist. No. 05AP-123, 2005-Ohio-5098, ¶ 66, citing *Zacks v. Beck*, 10th Dist. No. 04AP-1364, 2005-Ohio-4567, ¶ 29.

**{¶ 39}** Thus, the only admissible evidence submitted in this case was submitted by appellees. That evidence, thoroughly discussed above, readily leads to the conclusion that

---

[7] Indeed, appellant has not even provided any evidence from an expert of her own in an attempt to rebut the attestations and opinion of appellees' expert in order to demonstrate there is a genuine issue of material fact preventing summary judgment.

a reasonable finder of fact could not find that Hickle should have foreseen that a pedestrian would have been running around the highway in the dark. That evidence further leads to the conclusion that a reasonable finder of fact could not find that Hickle failed to act reasonably when he came upon the disabled vehicle in the highway and when he became aware of decedent running toward his tractor-trailer.

{¶ 40} In sum, because appellees sustained their initial burden under Civ.R. 56 to demonstrate the absence of genuine issues of material fact in this case, the burden shifted to appellant to produce some evidence demonstrating such an issue remained for trial. *Dresher v. Burt*, 75 Ohio St.3d at 293. As discussed above, the only evidence she submitted purporting to show there was an issue of fact for trial was her own affidavit, which clearly showed she had no first-hand knowledge of the incident giving rise to this case and thus could not serve as evidence showing any genuine issues of material fact were left for trial. Thus, we find the trial court did not err in granting summary judgment in favor of appellees. Accordingly, we overrule appellant's first assignment of error.

## IV. Disposition

{¶ 41} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and LELAND, JJ., concur.

———————